ROGER CHAVEZ, ESQ. (RC4040)
THE NATIONAL NEWARK BUILDING
744 BROAD STREET, SUITE 1600
NEWARK, NEW JERSEY 07102
(973) 735-0530
ATTORNEY FOR DEBTORS, MARCELINO A. REYES AND RAMONA REYES

---

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 15-20448/TBA |
| | ) | |
| | ) | Chapter 7 |
| MARCELINO A. REYES AND | ) | |
| RAMONA REYES, | ) | Judge: TBA |
| | ) | |
| DEBTORS. | ) | Hearing Date: August 12, 2015 @ 11:00AM |
| | ) | |

**CERTIFICATION OF DEBTORS IN RESPONSE TO RUSHMORE LOAN MANAGEMENT SERVICES, LLC'S OBJECTION TO DEBTORS' REQUEST TO PARTICIPATE IN THE LOSS MITIGATION PROGRAM**

We, Marcelino A. Reyes and Ramona Reyes, of full age, do hereby represent as follows:

1) We are Debtors in the above-captioned Chapter 7 case which was filed on June 3, 2015.

2) The purpose of our Chapter 7 filing was twofold: i) to discharge our unsecured debt; and, ii) to participate in the U.S. Bankruptcy Court's Loss Mitigation Program.

3) On June 30, 2015, we filed a Notice of Request for Loss Mitigation. We filed the notice in the bankruptcy court's venue because we felt that Rushmore Loan Management Services, LLC ("Rushmore") had in the past frustrated our good faith attempts to modify our mortgage loan.

4) On July 14, 2015, the last day an objection could be filed to our request for loss mitigation, Rushmore filed an objection which necessitated a hearing to be scheduled for August 12, 2015.

5) We reviewed Rushmore's objection with our attorney, Roger Chavez, and wish to refute Rushmore's allegation that there was no change in our financial circumstances.

6) Prior to April 2015, Ramona Reyes was earning $8.75 an hour and weekly wages of $350.00 gross based on a 40 hour work week. *See attached Exhibit A: Copy of Ramona Reyes' Payment Advice, dated March 27, 2015*.

7) In April 2015, Ramona Reyes' salary increased to $1,043.00 per week, which is a significant increase in household income. *See attached Exhibit B: Copy of Ramona Reyes' Payment Advice, dated May 29, 2015*.

8) We feel that given Ramona's substantial increase of income, Rushmore should reconsider its decision to grant us a loan modification.

9) Additionally, we now have a tenant who pays $1,100.00 in monthly income. *See Exhibit C: Copy of Lease with Angelica Reyes and Vornaldo Rodriguez, dated November 11, 2014*. We don't believe Rushmore took into consideration the monthly rent rolls we receive.

10) Lastly, prior to hiring Roger Chavez, we went to a company called Cabanillas and Associates, P.C., located in White Plains, New York. We hired this company to handle our prior loss mitigation application. Due to miscommunication with their office and our perception that Cabanillas and Associates, P.C. did not exercise proper

diligence (i.e., submitting updated financial information, etc.), we feel that our initial loss mitigation application was unjustly denied.

11) We pray that this honorable court consider our request to allow us to participate in the Bankruptcy Court's Loss Mitigation program.

We hereby certify that the foregoing statements made by us are true. We are aware that if any of the foregoing statements made by us are false, we are subject to punishment.

DATED: July 27, 2015            /s/ Marcelino A. Reyes
                                Marcelino A. Reyes, Debtor



                                /s/ Ramona Reyes
                                Ramona Reyes, Co-Debtor